**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH C. SIMMONS, JR.,** | : | **No. 3:26-CV-0253** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN GARZA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Inmate Kenneth C. Simmons, Jr., initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons (BOP) improperly sanctioned him for a disciplinary infraction that he did not commit. He further alleges that the disciplinary hearing infringed his due process rights. The court will dismiss Simmon's Section 2241 petition for lack of habeas jurisdiction.

**I.   BACKGROUND**

Simmons is currently serving a life sentence imposed by the United States District Court for the District of Columbia for, among other serious offenses, conspiracy to participate in racketeer influenced corrupt organization, violent crime (murder) in aid of racketeering, and first-degree murder while armed and aiding and abetting. See United States v. Simmons, No. 1:00-cr-00157-12, Doc. 2330 (D.D.C. Jan. 11, 2007).

On April 25, 2025, while incarcerated at USP Canaan, Simmons was involved in a physical altercation with another inmate (Quantrell Reid).  (Doc. 12-5 at 2).  According to the incident report, Simmons and Reid "engaged in mutual combat," wherein Simmons allegedly struck Reid with a closed fist and Reid attacked Simmons with a broom handle.  (See id.)  Simmons was charged with violating Code 201 – "Fighting with Another Inmate."  (Id.)

Simmons disputed the disciplinary charge, claiming that he and Reid were not fighting.  (See id. at 3; Doc. 12-6 at 2).  On June 16, 2025, a hearing was held before a Discipline Hearing Officer (DHO), who found that the greater weight of the evidence supported a finding that Simmons had committed the offense of fighting with another inmate.  (See Doc. 12-6 at 2-5).  Simmons was sanctioned with the disallowance of 27 days of good conduct time, 15 days' disciplinary segregation, loss of media player privileges for 180 days, and loss of phone privileges for 180 days.  (Id. at 5).  As to the loss of good conduct time, however, it was explicitly noted that Simmons was a "PLRA Life inmate."  (Id.)

After exhausting administrative remedies, Simmons filed the instant Section 2241 petition in this court.  (See generally Doc. 1).  He claims that the incident report was fabricated, that he was denied the opportunity to review the video and photographic evidence against him, and that he was denied the opportunity to call Reid as a witness during the DHO hearing.  (Id. at 8).  He seeks a new

2

hearing and asks the court to expunge the incident report from his record. (Id. at 9). Notably, Simmons makes no request to have the purportedly disallowed good conduct time restored. (See id.).

Respondent answered Simmons' petition after one extension of time. (See generally Doc. 12). Simmons did not file a traverse, and the time for doing so has passed. His Section 2241 petition is therefore ripe for disposition.

## II.    DISCUSSION

As noted above, Simmons asserts three challenges to his prison disciplinary proceedings. The court need not, and indeed cannot, reach Simmons' arguments because there is no jurisdiction for his habeas petition. Simmons is serving a life sentence; therefore, his sanctioned mandatory "loss" of 27 days of good conduct time was mere legal fiction that did not affect the length of his detention.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Habeas jurisdiction also lies for certain

3

challenges regarding the execution of a prisoner's sentence.   See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").  However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, 562 U.S. 521, 534 (2011) (alterations in original) (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005)).

It is well settled that federal inmates generally possess a protected liberty interest in good conduct time because it affects the duration of their confinement. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974).  "A challenge . . . to a disciplinary action that resulted in the loss of good-time credits[] is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) (citing Preiser, 411 U.S. at 500).

The only sanction Simmons received that could implicate a constitutionally protected due process liberty interest is the purported disallowance of 27 days'

good conduct time. Simmons, however, has no such protected liberty interest in good conduct time, as he is serving a life sentence. Under 18 U.S.C. § 3624, prisoners who are serving life sentences are expressly precluded from receiving good conduct time. See 18 U.S.C. § 3624(b)(1) ("[A] prisoner who is serving a term of imprisonment of more than 1 year *other than a term of imprisonment for the duration of the prisoner's life*, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court . . . ." (emphasis added)). Similarly, the BOP's program statement on inmate discipline provides that "[Good Conduct Time] credit may only be given to an inmate serving a sentence of more than one year, but less than life." U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement 5270.09, *Inmate Discipline Program*, p. 15, https://www.bop.gov/policy/progstat/5270_009_cn_1.pdf (last visited July 23, 2026). Indeed, Simmons' BOP records confirm that he has accrued zero days of good conduct time since his commitment in 2007, his projected release date is "not applicable," and his term of imprisonment will not expire until the end of his life. (See Doc. 12-5 at 24; Doc. 12-3 at 2-7).

Because Simmons is serving a life sentence, he is unable to receive good conduct time credit. 18 U.S.C. § 3624(b)(1). Consequently, he cannot establish that he had a protected due process liberty interest at stake in the "loss" of good

conduct time, so there is no habeas jurisdiction for his Section 2241 petition. See Wheeler v. Warden USP Canaan, No. 4:19-cv-01445, 2020 WL 4343069, at *3 (M.D. Pa. Apr. 27, 2020), report and recommendation adopted, 2020 WL 4335202 (M.D. Pa. July 28, 2020) (Brann, J.); Reid v. Ebbert, No. 1:16-cv-0885, 2018 WL 2364830, at *1 (M.D. Pa. May 24, 2018) ("Reid cannot demonstrate that a protected liberty interest was impacted because he has a life sentence and therefore the loss of good time credit would not affect the length of [his] sentence."). The court, therefore, must dismiss Simmons' Section 2241 petition for lack of habeas jurisdiction.

## III.   CONCLUSION

Based on the foregoing, the court will dismiss Simmons' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 7/24/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court